UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

TIMOTHY C. GORMAN,

    Plaintiff,

    v.                          Case No. 2:17-cv-264-JVB-JEM

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

    Defendant.

**OPINION AND ORDER**

Plaintiff Timothy C. Gorman seeks judicial review of the Social Security Commissioner's decision denying him disability benefits, and asks this Court to remand the case. For the reasons below, this Court remands the ALJ's decision.

**A.**     **Overview of the Case**

Plaintiff alleges that he became disabled on January 23, 2013. (R. at 165.) His date last insured ("DLI") is June 30, 2015. (R. at 173.) Plaintiff used to work at a steel mill, but has not worked since 2008. (R. at 51.) Plaintiff previously met a listing entitling him to disability, but after a little over a year, he no longer met the listing, so Plaintiff re-applied for disability. (R. at 41–42.) After a hearing on his new application, the Administrative Law Judge ("ALJ") found that Plaintiff suffered from severe physical impairments and from non-severe anxiety. (R. at 20–21.) However, the ALJ concluded that he could perform jobs that existed in significant numbers. (R. at 28.) Therefore, the ALJ denied him benefits. (R. at 29.) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.)

B.     **Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

C.     **Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

D.     **Analysis**

Plaintiff presents several related arguments, but this case basically boils down to whether

the ALJ properly handled Plaintiff's alleged need for a cane.[1] She did not.

Plaintiff alleges that he has "a very bad sense of balance and walking." (R. at 66.) He used a cane at the hearing and testified that he needs it due to balance and knee issues. (R. at 71.) He also brought the cane with him to a consultative examination, where he seemed to have no trouble walking, so long as he used the cane. (R. at 386.) A vocational expert testified at Plaintiff's hearing that he would be unemployable if he needs the cane. (R. at 88–89). Given that the decision only mentions the cane in passing, the ALJ appeared to take for granted that Plaintiff needs it. (R. at 26.) Yet, she did not include the need for a cane in Plaintiff's residual functional capacity ("RFC"), nor did she make any explicit attempt to discount it. (R. at 23.)

Normally, an ALJ must confront evidence that Plaintiff uses a cane. In *Thomas v. Colvin*, for instance, the Seventh Circuit remanded a case where the ALJ ignored a cane prescription, various claims scattered throughout the record that the plaintiff needed a cane, and the fact that the plaintiff used a cane at the hearing. 534 Fed. Appx. 546, 550 (7th Cir. 2013). On the other hand, the ALJ in *Tripp v. Colvin* ignored an examining physician's statement that the plaintiff "does need a crutch," but the court affirmed because it could not tell whether that statement was a medical opinion or a mere recitation of what the plaintiff told the doctor. 489 Fed. Appx. 951, 955 (7th Cir. 2012). The two opinions thus appear to clash, and our sister courts disagree on how to resolve this conflict. One court followed the *Tripp* court's lead and demanded "specific, unambiguous evidence of the circumstances in which the cane is medically necessary." *Powers v. Colvin*, 2016 U.S. Dist. LEXIS 124929, *19 (S.D. Ind., Aug. 25, 2016). A different court, however, remanded when faced with the ambiguous opinion of "[p]atient to use a cane for

---

[1] Plaintiff also complains that the ALJ failed to include his mild mental limitations in his RFC. Plaintiff is correct, but he fails to explain how the limitations the ALJ ignored would have precluded the jobs that the ALJ found he could perform. Nevertheless, because this decision is being remanded anyway, the ALJ should ensure that she accounts for such limitations.

ambulation," holding that the ALJ should have contacted the doctor to clarify. *Miller v. Comm'r of Soc. Sec.*, 2018 U.S. Dist. LEXIS 85466, *10–11 (N.D. Ind., May 22, 2018).

The situation here appears to be more analogous to *Tripp* and *Powers*. Plaintiff comes before this Court with little more than an examining physician's statement that "Patient uses a cane due to poor vision causing poor balance." (R. at 386.) This is as ambiguous as the *Tripp* statement. Indeed, the Commissioner mounts a spirited defense arguing that the statement here is merely an observation, not a medical opinion. (Def.'s Resp. at 8.) Thus, the facts here almost perfectly match *Tripp*, but with one critical difference: the ALJ resolved the ambiguity in Plaintiff's favor. The doctor, according to the ALJ, "opined" that Plaintiff needed the cane. (R. at 27.) To the ALJ, the statement was a medical opinion, and the Commissioner is stuck with this interpretation. *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010); *see also Meyerink v. Colvin*, 2015 U.S. Dist. LEXIS 21575, *16 (N.D. Ind., Feb. 24, 2015) (rejecting the Commissioner's attempt to label a doctor an examining physician when the ALJ himself called the doctor a treating physician). Moreover, as the Commissioner notes, "at no point did [the ALJ] indicate that she rejected any part of [the doctor's] opinion, or accorded it less weight." (Def.'s Resp. at 7.) Given that the ALJ apparently accepted the doctor's opinion, this Court does not understand why the ALJ did not include the cane in Plaintiff's RFC.

Elsewhere, the ALJ mentioned the cane in an attempt to discount Plaintiff's vertigo, but that discussion is confusing. The ALJ began by noting Plaintiff's subjective complaints of frequent falls and loss of balance. (R. at 26.) She then discounted those complaints by pointing out that Plaintiff did not have an inner-ear condition and did not provide any objective evidence that confirms a loss of balance. *Id*. Right after that, though, she conceded that Plaintiff's knee issues could cause balance problems, "which would explain the use of a cane," but she did not

4

indicate whether she accepted this explanation. *Id*. In the end, she concluded that Plaintiff does not have "vertigo or any similar condition," so she may have intended only to discount vertigo, not balance issues generally. *Id*. Later in the decision, the ALJ addressed Plaintiff's knee pain when she gave "greater weight" to an Agency consultant's opinion. (R. at 27.) But the ALJ found that the opinion actually underestimated the effects of Plaintiff's knee pain. (R. at 23, 317.) Clearly, the ALJ believed that Plaintiff had knee issues and that they could interfere with his balance, but whether she believed that Plaintiff therefore needed a cane is anyone's guess. This, however, will not suffice in a land where ALJs must specifically explain why they rejected evidence favorable to plaintiffs. *Thomas*, 826 F.3d at 961.

The Commissioner provides additional reasons for this Court to doubt Plaintiff's alleged balance issues, but the ALJ did not mention them, and the Commissioner cannot save an opinion by providing a replacement analysis that may have passed muster. *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010). As it stands, the ALJ's decision is based on an unspoken analysis, so this Court is left with no accurate and logical bridge to review. This requires remand.

**E.     Conclusion**

The ALJ failed to determine whether Plaintiff's cane is medically necessary and thus failed to build the required accurate and logical bridge. Accordingly, this Court remands the ALJ's decision.


SO ORDERED on September 5, 2018.


        S/ Joseph S. Van Bokkelen
        JOSEPH S. VAN BOKKELEN
        UNITED STATES DISTRICT JUDGE